## LAKE ERIE AND WESTERN RAILROAD COMPANY ET AL. *v.* FANTZ ET AL.

[No. 12,552. Filed January 27, 1927.]

1. CARRIERS.—*Evidence held insufficient to sustain finding as to market value of coal misdelivered.*—In an action against connecting carriers to recover the value of a carload of coal shipped over their lines but delivered to another party, finding of the court as to the market value of the coal *held* not sustained by the evidence. p. 571.

2. CARRIERS.—*Damages for nondelivery of freight.*—In an action by consignees against a carrier to recover the value of a shipment of coal which was delivered to another party, the plaintiffs were entitled to recover the market value of the coal at its destination at the time it should have arrived, less the freight. p. 571.

From Madison Superior Court; *W. S. Ellis,* Judge.

Action by Franklin Fantz and another, constituting a partnership doing business as the Domestic Coal Company, against the Lake Erie and Western Railroad Company, the Louisville and Nashville Railroad Com-

pany and others. From a judgment for plaintiffs, the named defendants appeal. *Reversed.* By the court in banc.

*John B. Cockrum* and *Arthur A. Beckman,* for appellants.

*Arthur C. Call,* for appellees.

NICHOLS, J.—This was an action brought by appellees Fantz and Davies, constituting a partnership known as The Domestic Coal Company, against appellants and two other defendants to recover the value of a carload of coal shipped over the railroad lines of appellants and others, which coal was not delivered to appellees, the consignees thereof. It appears by the special finding that appellees were, on or about March 18, 1924, a partnership doing business under the name of The Domestic Coal Company, in Muncie, Indiana, and were engaged in the wholesale and retail of coal.

On said day, they purchased of the Southern Coal and Coke Company a carload of Kentucky coal at the invoice price of $1.75 per ton, and at said time said company delivered said carload of coal to appellant Louisville and Nashville Railroad Company, at Sassafras, Kentucky, for transportation and delivery to appellees at Muncie, Indiana. The amount of coal so delivered was 38.35 tons.

Appellees paid for said coal $67.11, the amount of the invoice price thereof, but did not pay any of the freight charges for the transportation of said coal to Muncie, Indiana. Such unpaid freight charges were $2.70 per ton, and amounted to $103.55 on said carload of coal.

In the transportation of said coal, appellant Louisville company was the initial carrier and appellant Lake Erie company and other companies were connecting carriers.

No part of said sum so paid for said coal has ever been paid to appellees by any one.

Appellant Lake Erie company, by mistake, delivered said coal to a person other than appellees, collected freight charges therefor of such other person, and wholly failed to deliver said coal or any part of it to appellees, and they never received said coal or any part of it.

The market value of coal of the kind and character of the coal contained in the shipment complained of was $2 to $2.50 per ton at the mines for the week ending March 20, 1924, $1.75 to $2 per ton at the mines for the week ending March 27, 1924, and $1.60 to $2 per ton at the mines for the week ending April 3, 1924.

At the time that said coal should have been delivered to appellees, the market value of said coal at Muncie was $5.40 per ton. The total freight for the shipment of said coal at $2.70 per ton was $103.55.

Upon these facts, the court's conclusion of law is with appellees and that they recover of appellants $103.55, for which amount judgment was rendered. The errors assigned are the conclusion of law and the action of the court in overruling appellant's motion for a new trial.

We are wholly unable to find any basis for the court's finding that the market value of coal in Muncie at the time such coal should have been delivered in that city was $5.40 per ton. Appellee Fantz fixed such market price at $6.00, but admitted, on cross-examination, that if the freight had been paid, the coal would have cost appellees $4.45 in Muncie, and that the difference between this cost and the $6 market value would represent overhead expense, interest on investment, salaries of employees, his, appellee's salary, track upkeep and other items, none of which was chargeable against appellants as they were only bound, in any event, to deliver in Muncie, and then their liabil-

ity ceased. The finding of the court in this regard is not sustained by the evidence, and the conclusion of law should have been based on the market value of the coal, on the car at its destination, at the time it should have arrived, deducting therefrom the freight charges. *Wallace* v. *Vigus* (1836), 4 Blackf. (Ind.) 260; 10 C. J. 395.

Judgment reversed, with instruction to grant a new trial.

McMahan, C. J., Enloe and Remy, JJ., concur in result.